THE UNITED STATE DISTRICT COURT
STATE OF UTAH

| | |
|---|---|
| Ahouefa Dahoui,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>United States of America,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION & ORDER TEMPORARILY GRANTING IFP MOTION AND ALLOWING PLAINTIFF TO AMEND COMPLAINT**<br><br>**Case No.  2:26-cv-0632**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is pro se Plaintiff Ahouefa Dahoui's Motion for Leave to Proceed In Forma Pauperis (IFP). The court temporarily grants the IFP motion.[1] And for the reasons explained below, the court finds that Mr. Dahoui's Complaint is frivolous and fails to state a claim upon which relief may be granted. Because Mr. Dahoui is proceeding pro se, the court will afford him an opportunity to file an Amended Complaint no later than August 14, 2026.

## BACKGROUND

This case concerns an alleged *Bivens* claim against the United States. A *Bivens* action provides an "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[2] Because implied causes of action are disfavored, the Supreme Court has been reluctant to extend *Bivens* liability "to any new context or new category of defendants."[3] Because vicarious liability is inapplicable to *Bivens* suits, "a plaintiff must plead

---

[1] ECF No. 2.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001))..
[3] *Correctional Services*, 534 U.S., at 68.

1

that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[4] The factors needed to establish a *Bivens* violation vary with the constitutional provision at issue.[5] For example, where a claim alleges invidious discrimination in violation of the First and Fifth Amendments, "the plaintiff must plead and prove that the defendant acted with discriminatory purpose."[6]

## DISCUSSION

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[7] Under the IFP statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[8]

The United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[9] The Supreme Court noted that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . .

---

[4] *Iqbal*, 556 U.S. at 676.
[5] *See id.*
[6] *Id.*
[7] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).
[8] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[9] *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

> and claims of infringement of a legal interest which clearly does not exist . . . .
> Examples of the latter class are claims describing fantastic or delusional
> scenarios . . . .[10]

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[11] Under that standard, the court "look[s] for plausibility in th[e] complaint."[12] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[13]

Mr. Dahoui's Complaint consists of a narrative surrounding his family being under surveillance for 20 years, Officer Joseph Cottis asking him to sign a document that afterward changed his life, experiencing trauma every day, gas being sprayed on Plaintiff three times in his apartment, someone buying 50 KG of rice to kill Plaintiff, and an individual turning his phone into weapon. In short, the court finds the Complaint lacks an arguable basis in law or fact and is frivolous. Further, it fails to state a claim for relief as the allegations do not plausibly support a legal claim for relief. Dismissal of a pro se complaint is appropriate when a pro se litigant does

---

[10] *Id.* at 327-28; *see also Bellmon,* 935 F.2d at 1108-10.

[11] Fed. R. Civ. P. 12(b)(6).

[12] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[13] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (citation modified).

not allege a "viable legal claim."[14] However, the court will permit Plaintiff an opportunity to amend.

## CONCLUSION AND ORDER

1.  Plaintiff's Motion to Proceed IFP is temporarily granted.

2.  The court finds Plaintiff's Complaint is frivolous and fails to state a claim for relief.

3.  Plaintiff is ORDERED to file an amended complaint on or before August 14, 2026. The words "Amended Complaint" should appear in the caption of the documents.

4.  Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).

5.  Any other motions filed by Plaintiff will be lodged on the docket and not considered until an Amended Complaint is filed.


IT IS SO ORDERED


DATED this 8 July 2026.


Dustin B. Pead
United States Magistrate Judge

---

[14] *See Triplett v. Triplett*, 166 Fed. App'x 338, 340 (10th Cir. 2006).